# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form07instructions.pdf

**9th Cir. Case Number(s)**: 23-16038

**Case Name**: Oracle Int'l Corp., et al. v. Rimini Street, Inc., et al.

**Counsel submitting this form**: Blaine H. Evanson

**Represented party/parties**: Rimini Street, Inc.; Seth Ravin

*Briefly describe the dispute that gave rise to this lawsuit.*

Rimini Street, Inc. provides support services to licensees of Oracle enterprise software in lawful competition with Oracle's direct maintenance services. In prior litigation, certain aspects of Rimini's support practices were found to exceed the scope of certain Oracle licenses purchased by Rimini's clients, and to therefore infringe Oracle's copyrights. All infringement was found to be "innocent," meaning that Rimini did not know and had no reason to know that its actions were unlawful.

Rimini overhauled its support processes to account for the rulings so that its processes would not infringe and would be compliant with the relevant license agreements, and Rimini (with its CEO Seth Ravin) filed this lawsuit in 2014 seeking a declaratory judgment that its revised support processes do not infringe Oracle's copyrights. Oracle countersued for over a billion dollars in damages against Rimini for claims of copyright infringement, violations of the Lanham Act, violations of the Digital Millennium Copyright Act ("DMCA"), and for other causes of action.

Less than a month before trial, Oracle abandoned all of its claims for monetary relief, upon which time the parties proceeded with a bench trial regarding the parties' claims for non-monetary equitable relief.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**　　　　　　　　　　　　　　1　　　　　　　　　　　　　Rev. 12/01/2018

*Briefly describe the result below and the main issues on appeal.*

Following an 11-day bench trial, the Court issued, on July 24, 2023, its findings of fact and conclusions of law and a permanent injunction, and also entered judgment.

The Court found that Oracle failed to show that any aspect of Rimini's support practices for two of the four Oracle product lines at issue (J.D. Edwards and E-Business Suite) infringed Oracle's copyrights. The Court also held that certain other aspects of Rimini's support processes for the remaining product lines (PeopleSoft and Oracle Database) likewise do not infringe Oracle copyrights. Nonetheless, the Court found that other aspects of Rimini's support practices for these products did infringe Oracle's copyrights, and that Rimini violated the Lanham Act and the DMCA. The Court also found that Oracle was entitled to injunctive relief as to certain aspects of these claims.

Among other things, the Court's permanent injunction enjoins Rimini and Ravin from accessing in any way various of Rimini's clients' PeopleSoft development environments and files (including Oracle files that come standard with PeopleSoft), as well as Rimini's own software tools and update files, and ordered that all of these be "immediately and permanently delete[d]." The injunction also prohibits Rimini and Ravin from making any of 15 statements the Court found to be false, "or any substantially similar statements," and to "issue a corrective press release" entitled "Court-Ordered Statement Regarding Rimini Street's False and Misleading Statements" within 30 days "and post" on Rimini's website, and to keep it up for at least five years.

On appeal, Rimini and Ravin intend to challenge the Court's liability findings and determination that Oracle has proven it is entitled to a permanent injunction on any of its claims, as well as the scope of the permanent injunction and the deprivation of Rimini and Ravin from having an opportunity to object to its scope.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

On July 28, 2023, after noticing their appeal to this Court, Rimini and Ravin filed with the district court an Emergency Motion to Stay Enforcement of the Permanent Injunction Pending Appeal, or Alternatively for an Administrative Stay. Briefing of the emergency motion is currently ongoing.

**Signature** s/ Blaine H. Evanson  **Date** August 3, 2023

*(use "s/[typed name]" to sign electronically-filed documents)*

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov